1
2
3
4
5                    IN THE UNITED STATES DISTRICT COURT

6                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8   MARILYN S. KWOLEK,                      No. C 11-775 SI and No. C 11-870 SI

9              Petitioner,                  **ORDER DENYING PETITIONS TO**
                                            **QUASH THIRD PARTY SUMMONSES**
10       v.                                 **AND GRANTING MOTION TO COMPEL**
                                            **COMPLIANCE WITH THIRD PARTY**
11   UNITED STATES OF AMERICA,              **SUMMONSES**

12             Respondent.
     _____/
13

14          Respondent's motions to dismiss the petitions to quash are currently scheduled for a hearing on

15   June 24, 2011.  Pursuant to Civil Local Rule 7-1(b), the Court finds these matters appropriate for

16   resolution without oral argument and hereby VACATES the hearing.  For the reasons set forth below,

17   the Court hereby GRANTS respondent's motions to dismiss the petitions.

18

19                              **BACKGROUND**

20          The Internal Revenue Service ("IRS") is investigating petitioner Marilyn Kwolek ("Kwolek")

21   in order to determine her 2007 federal income tax liability.  The IRS is also examining the 2007 and

22   2008 federal tax returns of Marilyn S. Kwolek, M.D., Inc. ("Kwolek Corporation").  The Kwolek

23   Corporation is an S corporation, and Kwolek is its sole shareholder.  Brown Decl. ¶ 2.  An examination

24   of the corporation may have an effect on the tax liability of Kwolek.  *Id.*

25          Revenue Agent Dennis Brown is the IRS agent in charge of the investigation. *Id.*  On February

26   1, 2011, Agent Brown issued a summons to Rembrandt Venture Partners II L.P. ("Rembrandt Partners")

27   to produce for examination records of partnership distributions to Kwolek during the tax year 2007. *Id.*

28   ¶ 3 & Ex. A.  On February 2 and 4, 2011, Agent Brown issued summonses to Fidelity Investments,

Wells Fargo Securities, and Wells Fargo Bank to produce for examination brokerage account records held in the name of Marilyn S. Kwolek, M.D., Inc. related to tax years 2007 and 2008.  *Id.* ¶ 4 & Ex. B-D.[1]  Agent Brown states that the summoned records are for the investigation of the tax liabilities of Kwolek and the Kwolek Corporation, and that the records sought were not in the possession of the IRS at the time the summonses were issued.  *Id.* ¶¶ 6, 8-9.

Agent Brown states that in the course of his duties as a Revenue Agent, he previously conducted an examination of Kwolek for tax years prior to those at issue in these proceedings, and that that investigation resulted in a criminal investigation.  *Id.* ¶ 11.  On or before March 10, 2010, the Department of Justice or the Assistant United States Attorney declined prosecution.  *Id.* ¶ 11 & Ex. E.[2]  Agent Brown also states that with regard to the current investigation, "[t]o date, there has been no criminal referral to the Department of Justice concerning this investigation and I have no plan to make a criminal referral of either Marilyn S. Kwolek or Marilyn S. Kwolek, M.D., Inc."  *Id.* ¶ 11.

Petitioner filed two separate petitions to quash the summons.  The petitions allege that "the summons seek to acquire evidence in support of a criminal prosecution" and that the IRS is "misusing the civil process to acquire information for criminal referral and investigation, outside the rules of the grand jury and without affording proper notice to taxpayers or the representatives."  Petitions at 5:3-9. Respondent has moved to dismiss the petitions.

**LEGAL STANDARD**

The Internal Revenue Code authorizes the IRS to issue summonses to third parties to testify and produce records for purposes of ascertaining the correctness of a tax return or determining the tax liability of any person.  *See* 26 U.S.C.A. §§ 7602 and 7609; *United States v. Derr*, 968 F.2d 943, 945 (9th Cir. 1992).  District courts have jurisdiction to review petitions to quash a summons and to order its enforcement.  *See* 26 U.S.C.A. §§ 7604(a) and 7609(h)(1).

---

[1]  Respondent states that the summons to Fidelity Investments mistakenly defines the tax years to include 2005 and 2006, but that the description of the records to be produced correctly limits the records to the 2007 and 2008 tax years.  Docket No. 9 at 2:27-28 (C 11-775 SI).

[2]  Although Agent Brown's declaration states that prosecution was declined on or before March 10, 2011, Exhibit E shows that the correct date is March 10, 2010.

**United States District Court**
For the Northern District of California

1    To enforce a summons, the IRS must establish a *prima facie* case: (1) that there is a legitimate

2    purpose for the investigation; (2) that the material sought in the summons is relevant to that purpose;

3    (3) that the material sought is not already within the possession of the IRS; and (4) that those

4    administrative steps which are required by the Internal Revenue Code have been taken. *United States*

5    *v. Powell*, 379 U.S. 48, 57-58 (1964). Once the government establishes its *prima facie* case, the party

6    moving to quash the summons carries the burden of disproving the existence of a valid purpose or that

7    enforcement of the summons would be an abuse of the court's process. *Powell*, 379 U.S. at 58.

8

9                                        **DISCUSSION**

10   Respondent contends that the declaration of Agent Brown establishes a *prima facie* case to

11   enforce the summonses. Agent Brown's declaration establishes that (1) the investigation has the

12   legitimate purpose of ascertaining Kwolek's tax liability, (2) the third party summonses were issued to

13   gather material relevant to ascertaining Kwolek's tax liability, and (3) the material sought by the

14   summonses is not already within the possession of the IRS. On the fourth factor, Agent Brown states

15   that all administrative steps required by the Internal Revenue Code for issuance of the summonses have

16   been taken, except that the summons served on Rembrandt Venture Partners II L.P. was by certified

17   mail, rather than by personal service. Brown Decl. ¶ 5; *see also* 26 U.S.C. § 7603(a), (b)(2) (setting out

18   service requirements). The Ninth Circuit has held that substantial compliance with 26 U.S.C.

19   § 7603(a)'s service requirements is sufficient if there is no prejudice to the taxpayer. *See United States*

20   *v. Richey*, 632 F.3d 559, 564-65 (9th Cir. 2011). The petitions to quash do not raise the issue of

21   improper service on Rembrandt Partners, and petitioner does not assert that she was prejudiced by the

22   improper service.

23   The Court finds that the IRS has satisfied its initial burden to establish a *prima facie* case for

24   enforcement of the summonses. "The government's burden is 'a slight one' and typically is satisfied

25   by the introduction of the sworn declaration of the revenue agent who issued the summons that the

26   *Powell* requirements have been met." *Fortney v. United States*, 59 F.3d 117, 120 (9th Cir. 1995). Agent

27   Brown's declaration establishes the first three *Powell* factors, and the IRS substantially complied with

28   the administrative service requirements without any prejudice to petitioner.

**United States District Court**
For the Northern District of California

The burden then shifts to petitioner to "'challenge the summons on any appropriate ground'" such as alleging that the IRS abused the court's process by issuing the summons "for an improper purpose, such as to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation." *Powell*, 379 U.S. at 57 (quoting *Reisman v. Caplin*, 375 U.S. 440, 449 (1964)). The taxpayer's burden to show an "abuse of process" or "the lack of institutional good faith" is "heavy." *Fortney*, 59 F.3d at 120. "It is well established that the IRS is acting in bad faith if it pursues a summons enforcement after having already decided to make a recommendation for prosecution to the United States Attorney's Office." *United States v. Jose*, 131 F.3d 1325, 1328 (9th Cir. 1997).

Petitioner asserts that the summonses were issued for an improper purpose because petitioner suspects that the IRS has made an institutional commitment to refer Kwolek for criminal prosecution, and is delaying making a criminal referral until the summonses are enforced. Petitioner requests that the Court hold an evidentiary hearing to examine Agent Brown to inquire whether the IRS has already made an institutional commitment to seek criminal prosecution of Kwolek for various alleged federal tax crimes, notwithstanding Agent Brown's statement in his declaration, "To date, there has been no criminal referral to the Department of Justice concerning this investigation and I have no plan to make a criminal referral of either Marilyn S. Kwolek or Marilyn S. Kwolek, M.D., Inc." Brown Decl. ¶ 10.

"A taxpayer is not entitled to an evidentiary hearing unless he or she presents some 'minimal amount of evidence' to support a contention of a lack of good faith." *Fortney*, 59 F.3d at 121. "The showing must be more than '[l]egal conclusions[,] mere memoranda of law . . . or allegations.'" *Id.* The court has discretion to decide whether an evidentiary hearing on the question of enforcement of a summons is necessary. *Id.*

The Court concludes that petitioner has not submitted "some minimal amount of evidence" of a lack of good faith to warrant an evidentiary hearing. Petitioner relies on the fact that there was a previous criminal investigation of petitioner regarding tax years prior to those at issue in these proceedings. However, prosecution was declined on or before March 10, 2010. The fact that there was a previous criminal investigation for previous tax years does not suggest that the IRS is "institutionally committed" to referring petitioner to the Department of Justice for the 2007 and 2008 tax years. *See In*

United States District Court
For the Northern District of California

*re the Matter of the Commissioner of the Internal Revenue Service v. Hayes*, 631 F. Supp. 785, 787 (N.D. Cal. 1985) (granting motion to dismiss petition to quash summons because "treating the taxable periods of 1976 and 1977, which were covered by the indictment, separately from the taxable periods of 1979 and 1980, which are the subject of the present summons, the court finds that there are no Justice Department referrals with respect to the latter periods, and hence that the summons is not barred under § 7602[(d)].");  *see also* 26 U.S.C. § 7602(d)(3) (stating that for purposes of subsection prohibiting administrative summons when there is a Justice Department referral, "each taxable period . . . and each tax imposed by a separate chapter of this title shall be treated separately.").

Petitioner has also submitted a declaration from counsel stating, *inter alia*, "From counsel's professional experience and as further confirmed by comments made by IRS and DOJ Tax Division personnel at the recent American Bar Association-sponsored Criminal Tax Fraud Conference in San Francisco, upon information and belief, as discovery will show, the IRS is [no] longer institutionally committed to abiding [by] the strictures of [*United States v. Tweel*, 550 F.2d 297 (5th Cir. 1977) (holding that evidence wrongfully gained under the guise of a civil audit should be suppressed in criminal prosecution)]."  Bernhoft Decl. ¶ 4.  Mr. Bernhoft's declaration further states,

> The tell-tale indicators of such an illicit audit, from counsel's prior experience and review, includes: (a) the RA [Revenue Agent] summonsing the taxpayer in for a set of interrogations after the RA has already determined the case appropriate for criminal referral; (b) an RA being assigned to the case from an unusual office (not the taxpayer's regional office, for example, as here); (c) an RA handling more than just a 3-year tax period and involved in multiple stages of a matter (such as acting as auditor, and collector, with audits, notices of deficiency, and collection notices); (d) an RA with unexplained access to grand jury materials, as here; and (e) an RA who tends to testify for the government in criminal cases.

*Id*.  Mr. Bernhoft asserts that Agent Brown is based in Sacramento; that Agent Brown admitted to him that he had access to the grand jury documents related to the criminal investigation of Kwolek's earlier tax years; and that the government has called Agent Brown as a witness in high profile criminal tax cases.  Mr. Bernhoft also notes that Agent Brown previously investigated petitioner and made a criminal referral.  *Id*.

There are a number of problems with the Bernhoft declaration.  Mr. Bernhoft does not identify the IRS or Department of Justice officials who allegedly stated that the IRS is not institutionally committed to following the law as set forth in *Tweel*, nor did petitioner submit any evidence in support

of that assertion. With regard to the "tell-tale indicators" of an illicit audit, petitioner does not explain why these factors suggest an illicit audit, and, more importantly, does not submit any evidence showing a connection between these indicators and an illicit audit. Further, as stated *supra*, the fact that Agent Brown was involved in a prior investigation of petitioner that resulted in a criminal referral is not evidence that the current summonses were issued in bad faith.

The Court concludes that petitioner has not met her burden, and therefore that the summons should be enforced. *See Jose*, 131 F.3d at 1328 ("Respondent made only a bald assertion that he 'feel[s]' that the underlying reason for this motion is criminal – a pending criminal prosecution.' He provided no facts or evidence to support this allegation and thus did not come close to meeting his burden. Therefore, judicial enforcement of the summons was proper."); *cf. United States v. Church of Scientology*, 520 F.2d 818, 822, 824 (9th Cir. 1975) (holding evidentiary hearing was required where petitioner submitted evidence in support of claim of pattern of harassment, including list of eleven proceedings involving Church of Scientology, as well as an affidavit and correspondence between IRS and Church).[3] Accordingly, the Court GRANTS respondent's motions to dismiss the petitions to quash.

## CONCLUSION

For the foregoing reasons, the Court GRANTS respondent's motions to dismiss the petitions to quash. Docket No. 9 in C 11-775 SI and Docket No. 10 in C 11-830 SI.

**IT IS SO ORDERED.**

Dated: June 19, 2011

_____
SUSAN ILLSTON
United States District Judge

---

[3] As the Court finds that the summonses should be enforced, the Court does not address the parties' arguments about whether petitioner has standing to challenge the summonses.